**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | | |
|---|---|---|
| **United States of America,** | ) | **CASE NO. 4:09 CR 210** |
| | ) | |
| **Plaintiff/Respondent,** | ) | **JUDGE PATRICIA A. GAUGHAN** |
| | ) | |
| vs. | ) | |
| | ) | |
| **Willard Smith,** | ) | **Memorandum of Opinion and Order** |
| | ) | |
| **Defendant/Petitioner.** | ) | |

**Introduction**

This matter is before the Court petitioner's Motion to Vacate Under Section 2255 (Doc. 110). For the following reasons, the motion is DENIED.

**Facts**

Willard Smith (hereafter, defendant or petitioner) is incarcerated after a jury found him guilty of attempting to possess with intent to distribute cocaine. This Court sentenced petitioner to 108 months imprisonment. Petitioner filed a direct appeal of his conviction and sentence. The Sixth Circuit Court of Appeals rejected his three claims for relief: the district court erred when it denied his motion to suppress evidence following a warrantless search of

1

his automobile, there was insufficient evidence to support his conviction, and the district court erred when it denied him a three-level downward departure.  This motion under § 2255 followed.  Petitioner sets forth five grounds. Ground One asserts that trial counsel was ineffective during plea negotiations.  Ground Two asserts that petitioner was denied a fair trial due to prosecutorial misconduct and trial counsel rendered ineffective assistance by failing to object and appeals counsel was ineffective in failing to raise the issue.  Ground Three asserts that trial counsel was ineffective in failing to request entrapment instructions.  Ground Four asserts that trial counsel was ineffective in failing to present mitigation evidence.  Ground Five asserts that petitioner is actually innocent.

### Standard of Review

28 U.S.C. § 2255 provides a prisoner in federal custody a remedy to collaterally attack his sentence on the ground that it was imposed in violation of the Constitution or laws of the United States.  To warrant relief under 28 U.S.C. § 2255 because of constitutional error, the error must be one of constitutional magnitude which had a substantial and injurious effect or influence on the proceedings. *Brecht v. Abrahamson*, 507 U.S. 619, 637, 113 S.Ct. 1710, 123 L.Ed.2d 353 (1993) (citation omitted); *Humphress v. United States*, 398 F.3d 855, 858 (6th Cir.2005).

### Discussion

Ground One asserts that trial counsel, J. Gerald Ingram, was ineffective during plea negotiations. Petitioner contends that the government offered a plea and he discussed his options with his counsel.  His counsel advised him that the only evidence the government had was "made up testimony of an informant [who] was in a lot of trouble, and that the most

2


[petitioner] would end up with was a hung jury."

To establish a claim of ineffective assistance of counsel, a defendant must show that counsel's performance was deficient and that counsel's deficient performance prejudiced the defense. *Strickland v. Washington*, 466 U.S. 668, 687–88, 694 (1984). "In order to succeed on an ineffective assistance of counsel claim in the context of a guilty plea, a defendant must demonstrate that counsel's performance was deficient and that the deficient performance prejudiced his defense such that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." *U.S. v. Ferguson*,

669 F.3d 756 (6th Cir. 2012) (citing *Strickland, supra* and *Hill v. Lockhart*, 474 U.S. 52, 59, (1985) ).

The Court agrees with the government that this claim has no merit.  Defendant was originally represented by retained attorney Walter Madison, who was terminated by defendant around October 2009.  Newly appointed counsel Barry Ward represented defendant for about six months before withdrawing.  Attorney J. Gerald Ingram was appointed to represent defendant in July 2010.  The transcript of the November 8, 2010 proceedings shows that defendant was advised in detail of his sentence should he be found guilty at trial, and in the event he chose to enter a plea agreement.  At that point, attorney Ingram advised the Court that he had discussed the plea offer with defendant and the Guideline exposure, and that defendant declined the offer.  At defendant's request, the Court again reviewed the statutory penalty and consequences of pleading guilty or proceeding to trial.  Defendant then took additional time to consult with his attorney, after which Ingram reported that defendant "again

rejects the government's plea offer." The Court asked defendant if such was correct. He responded, "Yes, it is, Your Honor." (Doc. 118) In fact, at an earlier October 5, 2009 hearing, defendant rejected the plea offer while he was being represented by his previous attorney. (Doc. 117) Defendant offers no evidence that he relied on Ingram's erroneous advice in rejecting the offer again in 2010, or that Ingram's deficient advice was a contributing factor to his decision.

    Ground One fails.

    Ground Two asserts that the prosecutor was allowed to mislead the jury on several occasions when using her own interpretation of recorded conversations between petitioner and the informant, thus engaging in prosecutorial misconduct. Defendant asserts that the prosecutor's conduct was both improper and flagrant. Trial counsel was ineffective for failing to object and appellate counsel was ineffective in failing to raise the issue on appeal.

    Defendant was represented by Ingram at trial, and by attorney Damian Billak on direct appeal. Defendant points to three statements made by the prosecutor during closing arguments: "He wants good dope. He doesn't want riffraff dope." "It sounds like he is in a situation where he has to go and pick up money." In response to the defendant's statement, "I got to have the money tomorrow," the prosecutor added "[b]ecause you need money to buy dope." (Doc. 103) Petitioner maintains that he never used the words drugs or cocaine during the recorded conversations, but only referred to gambling terms.

    "To assess prosecutorial misconduct, we first determine whether the prosecutor's conduct was improper, and if so, whether the improprieties were flagrant. To determine flagrancy, we consider: (1) whether the statements tended to mislead the jury or prejudice the

4

defendant; (2) whether the statements were isolated or among a series of improper statements; (3) whether the statements were deliberately or accidentally before the jury; and (4) the total strength of the evidence against the accused." *U.S. v. McAllister*, 693 F.3d 572 (6th Cir. 2012) (citations omitted).

The government points out that, as to some of the statements, the prosecutor was merely recapping the testimony of the informant as to what some of the recorded conversations meant.  Furthermore, the prosecutor referred to testimony that drug dealers are aware when talking on the telephone that their conversations may be recorded and, therefore, they use words other than "drugs."  There was also testimony that less than 1/2 of a percent of drug dealers use the word "drug" over the telephone.  Additionally, the prosecutor reminded the jurors to use their common sense, and argued that the content of the conversations made no sense in terms of "playing cards."  Finally, the prosecutor did not mischaracterize testimony, and the Court reiterated to the jury that closing arguments were not evidence.  As the statements were not improper or flagrant, there was no prosecutorial misconduct.  Thus, there was no ineffective assistance of counsel in failing to object to them, or to raise the issue of direct appeal.

Ground Two fails.

Ground Three asserts that trial counsel was ineffective in failing to request entrapment instructions despite the fact that agents attempted to entice petitioner into drug transactions. Petitioner had no prior convictions for buying or selling drugs, and there is nothing in the record of petitioner mentioning drugs.

"An entrapment defense requires proof of two elements: (1) government inducement

5

of the crime, and (2) a lack of predisposition on the part of the defendant to engage in the criminal conduct." *U.S. v. Hackworth*, 483 Fed.Appx. 972 (6th Cir. 2012) (internal citations and quotations omitted).

The government argues that the evidence at trial was insufficient to raise an entrapment defense. This Court agrees and, therefore, there is no issue of counsel's effectiveness. There was ample testimony at trial by the informant that he and defendant engaged in a business relationship involving the sale of cocaine and that when discussing drug transactions they used code words.

Ground Three fails.

Ground Four asserts that trial counsel was ineffective in failing to present mitigation evidence. Petitioner asserts that Phillup Thomas would have testified that petitioner was "no drug dealer but a good gambler," and that the informant owed petitioner money and was known for giving false information. Additionally, the staff at two casinos would have testified that petitioner was known for coming to the casino with thousands of dollars at a time.

The government points out that defendant offered testimony at trial from another witness who testified that he was a gambler and often wagered large sums of money, and that he gambled with the informant and lent him large sums of money. Petitioner offers no proof that Thomas's testimony would have been different from this witness's testimony. As to the unnamed casino staff witnesses, it is unclear what new information they would have provided given that evidence was already on the record that petitioner was a gambler and he and the informant gambled extensively.

6

Ground Four fails.

Ground Five asserts that petitioner is actually innocent. Petitioner points out that the informant owes him $10,000 and had a personal vendetta against him. Petitioner maintains that his counsel failed to present a video which purportedly showed this vendetta which government agents also held against him.

Petitioner contends that the informant lied about petitioner being a drug dealer and just wanted to "get out of paying" the $10,000 back. But, petitioner presents no new evidence to support a claim of actual innocence. Furthermore, counsel's decision to not present the video as evidence at trial was merely a decision regarding trial strategy. Such strategic judgments generally cannot form the basis of an ineffective assistance of counsel claim.

Ground Five fails.

**Conclusion**

For the foregoing reasons, Court petitioner's Motion to Vacate Under Section 2255 is denied. Furthermore, the Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith, and that there is no basis upon which to issue a certificate of appealability. 28 U.S.C. § 2253(c); Fed. R.App.P. 22(b).

IT IS SO ORDERED.

/s/Patricia A. Gaughan
PATRICIA A. GAUGHAN
Date: 7/19/13     United States District Judge